UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

 *Plaintiff*,          CASE NO. 12-10890

v.               DISTRICT JUDGE THOMAS L. LUDINGTON
               MAGISTRATE JUDGE CHARLES E. BINDER
CYNTHIA M. FULLWOOD,
aka CYNTHIA FULLWOOD,

 *Defendant*.
              /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
(Doc. 15)

**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED**.

**II. REPORT**

 **A. Introduction**

The Government brought this action to collect the amount due on a promissory note allegedly executed in 1999 by Defendant Cynthia Fullwood to secure a Direct Consolidation Loan from the U.S. Department of Education. The case was referred to the undersigned magistrate judge for pretrial case management on May 25, 2012. (Doc. 8.)

The Complaint was filed in February 2012 and on May 7, 2012, counsel for Defendant filed an Answer with Affirmative Defenses. (Doc. 7.) Currently before the Court is the Government's Motion for Summary Judgment, which was filed on November 9, 2012. Defendant has not

responded in opposition to the motion. Accordingly, the motion is ready for report and recommendation and the Court concludes that a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(f)(2).

### B. Summary Judgment Standards

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When "the crucial issue is one on which the movant will bear the ultimate burden of proof at trial, summary judgment can be entered only if the movant submits evidentiary materials to establish all of the elements of the claim or defense." *Stat-Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1335 (D. Colo. 1997). *See also Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 867 (E.D. Mich. 2008). "'In other words, in such case the movant 'must satisfy both the initial burden of production on the summary judgment motion – by showing that no genuine dispute exists as to any material fact – and the ultimate burden of persuasion on the claim – by showing that it would be entitled to a directed verdict at trial.'" *Yarbrough*, 579 F. Supp. 2d at 867 (citations omitted). Only after the moving party makes this showing will the non-moving party have an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore, supra.*

**C.    Analysis and Conclusion**

To recover on a promissory note, the Government must make a *prima facie* showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default. *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) (citing *United States v. MacDonald*, No. 93-1924, 1994 WL 194248, at *2 (6th Cir. May 16, 1994) (per curiam); *United*

3

*States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)). To make this showing, the Government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness. *Id.* (citing *United States v. Davis*, 28 Fed. Appx. 502, 503 (6th Cir. 2002)). Once the *prima facie* case is established, the burden shifts to the defendant to prove the "nonexistence, extinguishment or variance in payment of the obligation." *Id.*

To meet its burden of establishing all of the elements of the claim, the Government has attached to its motion a copy of the Federal Direct Consolidation Loan Promissory Note completed and signed by Defendant. (Doc. 15 at Ex. 1.) The loan was made under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a *et seq.* (34 C.F.R. Part 685). The Government also attached to its motion a Certificate of Indebtedness signed by a loan analyst for the U.S. Department of Education. (Doc. 15 at Ex. 2.) The certificate avers that as of July 20, 2010, Defendant owed $109,927.78 in principal and $20,285.74 in interest, and that interest was accruing at the rate of $7.43 per day. (*Id.*) The Government moves for summary judgment, alleging that Defendant defaulted on the loan obligation on or about July 18, 2007, and that the balance due as of November 9, 2012, was $136,477.66. (Doc. 15, Mot. at 2.)

I suggest that the Government's motion be granted. Through the documentation attached to the motion, the Government met its burden of establishing that Defendant signed a promissory note of which the Government is the present owner and that the note is in default. *See Petroff-Kline*, 557 at 290. Defendant, however, has completely failed to meet its burden to respond and show that there is a disputed issue of fact with regard to the "nonexistence, extinguishment or variance in payment of the obligation." *Id.*

4

Accordingly, I suggest that the Government is entitled to summary judgment because the evidence does not present a "sufficient disagreement to require submission to a jury," but rather it "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                               s/ Charles E Binder
                               CHARLES E. BINDER
Dated: February 21, 2013              United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Deborah Winslow and Debra Kauten, and served on District Judge Ludington in the traditional manner.

Date: February 21, 2013          By     *s/Jean L. Broucek*
                                                              Case Manager to Magistrate Judge Binder