UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                      Case Number 12-10890
                                      Honorable Thomas L. Ludington

CYNTHIA M FULLWOOD,

          Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE**

Federal Rule of Civil Procedure 56(b) provides: "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."

Defendant Cynthia Fullwood asserts that this rule contains an additional, unwritten requirement that "one does not file this type of motion unless all chances of settlement are exhausted." Plaintiff United States did not adhere to this implicit requirement, Defendant further asserts, and therefore that judgment should be set aside.

Neither the text nor caselaw support Defendant's proposed Rule 56 requirement. Both, in fact, are to the contrary. Her motion to set aside the judgment will be denied.

**I**

**A**

In 1999, Defendant consolidated her student loans with Plaintiff United States, executing a promissory note in Plaintiff's favor. The loan's interest rate was variable; the principal was $85,258.24.

Eight years later, Defendant defaulted on the loan. At the time, she had made about $16,000 in payments. (This was not sufficient to cover the accruing interest on the loan, much less pay down the principal.) Plaintiff demanded payment. It wasn't forthcoming. So this litigation followed.

**B**

On February 28, 2012, Plaintiff filed a complaint against Defendant in this Court. At the time, the amount due on the loan was $134,585.92.

The parties, to their credit, then attempted to work things out. In the fall of 2012, Plaintiff offered a repayment plan of $240 per month. Defendant countered with $200. They agreed to evenly split their differences: $220 per month.

In September 2012, Plaintiff sent Defendant a proposed "payment agreement" and consent judgment. After referencing this case, the proposed agreement provided:

> Cynthia M. Fullwood ('Fullwood') acknowledges that judgment was entered against her in the above identified case in the amount of $134,585.92 as of February 28, 2012 plus interest at the rate identified in 28 USC 1961. The United States and Fullwood have agreed as follows:
>
> Fullwood agrees to pay $134,585.92 as of February 28, 2012 plus interest at the rate identified in 28 USC 1961 to resolve this judgment. This debt shall be paid as follows:
>
> A.  The debt shall be paid in equal monthly amounts of $220.00 until the debt is paid in full.
>
> B.  Each of the monthly payment amounts shall be due on the 24th day of each month and in the event that the 24th of any given month falls on a holiday or weekend, then such payment shall be due by the next business day. . . .
>
> All payments due hereunder are to be forwarded to the United States in such a manner as to be received by the United States on or before the due date of such payment.

Defendant did not object to the language contained in the first two paragraphs regarding the entry of judgment against her. (At least there is no evidence that she did.)

Defendant did, however, object to the final paragraph. She requested that a provision be added that would (in the event of another default) give her time to cure.

### C

While these negotiations were transpiring, the case was referred to Magistrate Judge Binder for general case management. In October 2012, he held a status conference. Following the conference, Judge Binder issued an order establishing dispositive motion deadlines. The order provided in pertinent part:

> Although the parties continue to negotiate a settlement, a request for dispositive motion deadlines was made. Therefore, IT IS ORDERED that any dispositive motion is due on or before November 19, 2012. Any response is due on or before December 19, 2012, and replies are due on or before January 4, 2013.

In November 2012, Defendant's counsel emailed Plaintiff's counsel. Counsel explained that if Plaintiff would add a cure provision giving Defendant "like seven days or so" to cure in the event of default, Defendant would sign the payment agreement.

Plaintiff agreed, added language providing that if Defendant defaulted again she would have 10 days to cure, and sent a new proposed payment agreement to Defendant.

### D

About this time, Plaintiff filed a motion for summary judgment. Defendant did not respond to the motion, move for the motion to be withdrawn or denied as moot, or seek other relief. In fact, Defendant took no action in this Court.

Defendant did, however, sign the payment agreement. But Defendant refused to sign the consent judgment.

Three months passed. In February 2013, Judge Binder issued a report recommending that Plaintiff's motion for summary judgment be granted.

Another three weeks passed. Still, Defendant took no action in this Court. Having received no objections to the report, in March the Court issued an order adopting the report and granting Plaintiff's motion. The Court also entered judgment in favor of Plaintiff against Defendant in the amount of $136,477.66 (as of November 9, 2012, the date that Plaintiff filed its motion for summary judgment), plus prejudgment interest at the variable rate specified in the promissory note, plus filing costs of $350.00, plus post-judgment interest at the statutory rate.

This, finally, moved Defendant to action in this Court. Thirteen days after the judgment was entered, Defendant filed a motion to set it aside pursuant to Federal Rule of Civil Procedure 60(b).

**II**

Rule 60(b) provides that a motion for relief from judgment can be granted for a number of reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).

Because of the "public policy favoring finality of judgments and termination of litigation," however, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)).

### III

Here, Defendant does not expressly identify which subparagraphs within Rule 60(b) she relies on. Implicitly, she suggests that her actions were excusable while Plaintiff's were fraudulent, writing:

> Defendant requests that the Default Judgment be set aside as the entry of this Judgment is not due to the fault of Defendant. Defendant has always acted in good faith to reach a payment agreement. These negotiations took place over the course of a number of months. . . . On November 9, 2012, in the midst of these on-going negotiations, Plaintiff filed a Motion for Summary Disposition. This was misconduct on Plaintiff's part and unethical as one does not file this type of motion unless all chances of settlement are exhausted.

Defendant further asserts: "What is even more egregious is that once Defendant did sign the Payment Agreement and after she began making payments, Plaintiff failed to withdraw that Motion. This is adversary misconduct on Plaintiff's part."

### A

As a threshold matter, it should be noted that Plaintiff did not obtain a default judgment against Defendant (pursuant to Federal Rule of Civil Procedure 55(b)). Rather, Plaintiff was granted summary judgment (pursuant to Rule 56).

Rule 56, as noted, provides in pertinent part: "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

Here, as noted, Judge Binder exercised his authority under this rule. In October 2012, he issued an order providing:

> Although the parties continue to negotiate a settlement, a request for dispositive motion deadlines was made. Therefore, IT IS ORDERED that any dispositive motion is due on or before November 19, 2012. Any response is due on or before December 19, 2012, and replies are due on or before January 4, 2013.

Pursuant to this order, Plaintiff filed its motion for summary judgment on November 9, 2012. Defendant's response was due December 19.

That day came. Defendant's response did not. Another month passed. Then another. Defendant did not respond to Plaintiff's motion. Nor did she take any other action in this Court (seeking to have an extension of time to respond, for example, or to have the motion deemed withdrawn or denied as moot).

In late February 2013, Judge Binder issued a report recommending that Plaintiff's motion be granted. The report cautioned Defendant that she had 14 days to object. And it further cautioned that not objecting would constitute a waiver of any further right of appeal.

Yet still Defendant took no action in this Court. About three weeks passed. The Court then entered an order granting Plaintiff's motion for summary judgment and issued a judgment in Plaintiff's favor.

Plaintiff, who had played by the rules in protecting its rights, was entitled to the judgment. It was Defendant's neglect of her rights that was inexcusable.

**B**

As a general matter, the determination of whether a party's neglect is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)

(interpreting Bankruptcy Rule 9006(b)(1)); *see generally* 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2858 (3d ed. 2012).

More often than one would think, however, a party omits responding to a motion for summary judgment. For this omission, the Sixth Circuit has drawn a firm line: "The failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect." *Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1984); *see also Broach v. City of Cincinnati*, 244 F. App'x 729, 735 (6th Cir. 2007) (applying *Kendall*); *Turner v. Gen. Motors Corp.*, 23 F. App'x 415, 417 (6th Cir. 2001) (same); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 491 (6th Cir. 2000) (same).

Under this rule, Defendant's not responding to the motion for summary judgment is inexcusable neglect. Moreover, her not responding to Judge Binder's report is inexcusable neglect squared. She is not entitled to set aside the judgment on this basis.

**C**

Nor does Defendant demonstrate fraud. For purposes of Rule 60(b) motions, the Sixth Circuit defines "fraud" as "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 456 (6th Cir. 2008).

**1**

Here, Defendant identifies no misrepresentations. Rather, as noted, she asserts that Plaintiff's filing for summary judgment while negotiations were ongoing "was misconduct on Plaintiff's part and unethical as one does not file this type of motion unless all chances of settlement are exhausted."

Defendant may sincerely believe that a party should not be permitted to file a motion for summary judgment "unless all chances of settlement are exhausted." She cites no authority for her proposition, however, and an independent review reveals none. On the contrary, such conduct is expressly authorized by both the rules and the caselaw.

Rule 56(b) provides that, subject to three express limitations, "a party may file a motion for summary judgment at any time." Those three limitations are: (1) if "a different time is set by local rule"; (2) if "the court orders otherwise"; and, if neither of the foregoing, (3) "until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

Defendant would have this Court read in an additional, unwritten requirement: "one does not file this type of motion unless all chances of settlement are exhausted." The text of the rule, however, will not support such an addition.[1]

Rather, the text is unambiguous — subject to three express restrictions, "a party may file a motion for summary judgment at any time."

The caselaw is similarly unequivocal: "The fact that settlement negotiations are in progress does not excuse a litigant from making required court filings." *de la Torre v. Cont'l Ins. Co.*, 15 F.3d 12, 15 (1st Cir. 1994) (collecting cases); *see, e.g.*, *Wienco, Inc. v. Katahn Assocs., Inc.,* 965 F.2d 565, 567 (7th Cir.1992) ("[T]here is no reason that settlement negotiations prevent a party from complying with scheduled court deadlines.").

Nor are the Model Rules of Professional Conduct any help to Defendant. They are prefaced by a caution that "the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-

---

[1] *Cf.* William N. Eskridge, Jr., *All About Words: Early Understandings of the "Judicial Power" in Statutory Interpretation 1776-1806*, 101 Colum. L. Rev. 990, 1090 (2001) ("[T]he proposition that statutory text ought to be the primary source of statutory meaning needs little defense today. We are all textualists.").

assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule." *Model Rules of Prof'l Conduct* preamble and scope ¶ 20 (2012).

Here, moreover, there is no evidence that Plaintiff's counsel breached any of the rules. For example, Model Rule of Professional Conduct 3.4, "Fairness to Opposing Party and Counsel" contains a number of proscriptions. It prohibits a lawyer from, among other things, falsifying evidence, making frivolous discovery requests, and unlawfully obstructing a party's access to evidence. It does not, however, prohibit a lawyer from filing a motion for summary judgment while settlement negotiations are ongoing.

Plaintiff's counsel did not act unethically in filing a motion for summary judgment while settlement negotiations were proceeding.

**2**

Similarly without merit is Defendant's assertion that "[w]hat is even more egregious is that once Defendant did sign the Payment Agreement and after she began making payments, Plaintiff failed to withdraw that Motion. This is adversary misconduct on Plaintiff's part."

As noted, the payment agreement expressly contemplates that judgment will be entered in favor of Plaintiff against Defendant. Indeed, it begins by providing: "Cynthia M. Fullwood ('Fullwood') acknowledges that judgment was entered against her in the above identified case." And it then reiterates the point in the very next sentence.

Defendant's signing this agreement did not discharge Plaintiff's right to seek judgment against Defendant. Rather, in signing it Defendant expressly acknowledges this right. Likewise, signing the agreement did not satisfy, release, or discharge a judgment. Signing expressly acknowledged that Plaintiff was entitled to the judgment.

Plaintiff, moreover, did not misrepresent or conceal that it had filed a motion for summary judgment. On the contrary, the filing was a matter of public record. Defendant has not demonstrated any misconduct on Plaintiff's part — much less done so by clear and convincing evidence.

Defendant is not entitled to have the judgment set aside.

**3**

Finally, Defendant's counsel is cautioned to use considerably more care in the future before accusing an opposing counsel of being "unethical" or of engaging in "adversary misconduct." Calling someone a cheat and a fraud is a serious accusation, and if the accusation proves baseless serious consequences may follow for the accuser.

**IV**

Accordingly, it is **ORDERED** that Defendant's motion to vacate the judgment (ECF No. 19) is **DENIED**.

Dated: April 25, 2013

                         s/Thomas L. Ludington
                         THOMAS L. LUDINGTON
                         United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 25, 2013.

                         s/Tracy A. Jacobs
                         TRACY A. JACOBS